Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOIACONSCIOUSNESS.COM LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, DEPARTMENT OF STATE, DEPARTMENT OF DEFENSE, and NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>        Defendants, | Case No.: [Case No.]<br><br>**COMPLAINT** |

    FOIACONSCIOUSNESS.COM LLC, by and through its undersigned counsel, alleges as follows:

    1.    This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief, by FOIA CONSCIOUSNESS.COM LLC ("FC") against the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), the Department of State ("DOS"), the Department of Defense ("DOD"), and the National Archives and Records Administration ("NARA," or collectively, "Defendants").

2. This FOIA action is for the failure of the government to respond to Plaintiff's FOIA requests for the documents Defendants identified as related to the assassination of President John F. Kennedy under The JFK Act of 1992. Plaintiff requested these documents under FOIA.

3. Defendants disclose the existence of these documents ("The JFK Files") as related to the JFK assassination on their websites, but Defendants refuse to process them under FOIA.

4. Defendants did not substantively respond to the requests.

5. The National Archives admitted the reason for not complying with FOIA was that "the standard of review for these records is the JFK Act, which allows for the release of significantly more information than would be released under the FOIA."

6. However, NARA's position is unsupported.

7. The JFK Act's standards are not applicable to FOIA requests, and FOIA requests must be processed under FOIA's traditional standards.

8. Accordingly, by failing to grant Plaintiff's valid FOIA requests, Defendants unlawfully withheld the records requested by Plaintiff in violation of FOIA.

9. Federal Courts have jurisdiction to enjoin agencies from unlawfully withholding records in response to FOIA requests.

10. Plaintiff seeks to compel Defendants to comply with their lawful obligations under FOIA to release the requested records in their possession.

11. Plaintiff is statutorily entitled to the documents requested which it seeks so that it may inform the public about these JFK Records that have been suppressed from the public for many years without sufficient justification, and continue to be withheld, despite FOIA's requirements for public disclosure.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action and personal jurisdiction over NARA pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

13. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## DIVISIONAL ASSIGNMENT

14. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned to the San Francisco/Oakland division because it arose in San Mateo County, CA.

## PARTIES

15. FOIACONSCIOUSNESS.COM LLC ("FC") is a limited liability company organized and existing under the state of California.

16. FC operates a website where people can post and discuss ideas for FOIA requests. The FOIA requests in this case were submitted on behalf of FC.

17. Defendant Central Intelligence Agency ("CIA") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

18. The headquarters of the CIA is located at the George Bush Center for Intelligence, 1000 Colonial Farm Road, Langley, Fairfax County, Virginia.

19. Defendant Federal Bureau of Investigation ("FBI") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

20. The headquarters of the FBI is located at 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001.

21. Defendant Department of State ("DOS") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

22. The headquarters of DOS is located at 2201 C St NW, Washington, DC 20520.

23. Defendant Department of Defense ("DOD") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

24. The headquarters of DOD is located at 1400 Defense Pentagon, Washington, DC 20301-1400.

25. Defendant National Archives and Records Administration ("NARA") is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702, which has possession, custody, and/or control of the records that Plaintiff seeks.

26. The headquarters of NARA is located at 1300 Pennsylvania Ave., NW Washington, DC 20229.

## JFK ASSASSINATION BACKGROUND

27. The shocking assassination of President Kennedy on November 22, 1963 as he rode in a motorcade through downtown Dallas, Texas has understandably attracted widespread public attention that has endured.

28. In the immediate aftermath, President Johnson assembled esteemed members of the public to generate a report that would attempt to settle pending questions.

29. Though the Warren Commission concluded that Lee Harvey Oswald was the sole culprit responsible for the assassination, historians and members of the public continued to seek more information about how such an unexpected tragedy could have occurred.

30. With many unanswered questions, public outcry caused Congress to further investigate the details of the assassination three times since 1963.

31. The public was reminded again of the lingering feeling of government secrecy after the film *JFK* was released to theatres in 1991. A fourth effort was launched to declassify documents under the JFK Act of 1992.

32. The government's lack of disclosure as it pertains to the JFK assassination has generated hundreds of FOIA lawsuits.

## THE JFK ACT DOES NOT EXEMPT DOCUMENTS UNDER FOIA

33. Pursuant to the JFK Act, all JFK assassination records are public records and entitled to a presumption of disclosure.

34. Defendants were required to gather all JFK assassination related documents that would eventually be produced.

35. Defendants claim they did gather all those assassination related documents that they were required to, and Defendants published those lists of documents on their websites.

36. Pursuant to FOIA, Plaintiff properly requested copies of the documents identified by Defendants and published on their websites.

37. Defendants refused to comply with FOIA by producing those documents, and/or segregating exempt from non-exempt material and producing non-exempt material.

38. None of the Defendants produced documents, but only one Defendant revealed the reasoning for nondisclosure. NARA stated that "the standard of review for these records is the JFK Act, which allows for the release of significantly more information than would be released under the FOIA."

39. However, NARA's position is unsupported.

40. The courts have consistently held that the JFK Act's standards are not applicable to FOIA requests, and FOIA requests must be processed under FOIA's traditional standards.

## DEFENDANTS REFUSED FOIA REQUESTS FOR THE JFK FILES

### CIA's Treatment of Plaintiff's FOIA Request

41. On September 6, 2024, Plaintiff submitted a FOIA request to the CIA through its online portal requesting the CIA's identified but unreleased JFK files. See Exhibit A.

42. Plaintiff received a successful confirmation screen. See Exhibit B.

43. On November 25, 2024, Defendant CIA sent a letter acknowledging receipt, assigning tracking number F-2024-02930, and stating that the link Plaintiff provided appeared to be outdated, and asking for a response within 45 (forty-five) days. See Exhibit C.

44. On November 26, 2024, Plaintiff responded to the CIA's letter, stating that the link was correct and that it could also be accessed through another page. See Exhibit D.

45. No further information or communication concerning the request has been received or sent by Plaintiff.

46. As of the date of this filing, Defendant has failed to substantively respond to Plaintiff's request, produce the requested records, or otherwise demonstrate that the requested records are lawfully exempt from production.

### FBI's Treatment of Plaintiff's FOIA Request

47. On September 6, 2024, Plaintiff submitted a FOIA request to the FBI through its online portal requesting the identified but unreleased JFK Files. See Exhibit E.

48. Plaintiff received a successful confirmation screen. See Exhibit F.

49. On October 24, 2024, Defendant FBI sent a letter acknowledging receipt, assigning tracking number 1650213-000, and stating that it was not producing any documents

because it had already transferred any relevant documents to the National Archives. See Exhibit G.

50. On November 6, 2024, Plaintiff submitted an appeal to the FBI through its online portal. See Exhibit H.

51. No further information or communication concerning the request or the appeal has been received or sent by Plaintiff.

52. As of the date of this filing, Defendant has failed to substantively respond to Plaintiff's request, timely process Plaintiff's appeal, produce the requested records, or otherwise demonstrate that the requested records are lawfully exempt from production.

### DOS's Treatment of Plaintiff's FOIA Request

53. On September 6, 2024, Plaintiff submitted a FOIA request to the DOS through its online portal requesting the DOS's identified but unreleased JFK files. See Exhibit I.

54. Plaintiff received a successful confirmation screen. See Exhibit J.

55. Also on the same day, Defendant DOS sent an email changing the status of the request to "Received" and assigning tracking number F-2024-20140. See Exhibit K.

56. On October 1, 2024, Defendant DOD sent Plaintiff an email stating that the request would take additional time for being unusual circumstances. See Exhibit L.

57. No further information or communication concerning the request has been received or sent by Plaintiff.

58. As of the date of this filing, Defendant has failed to substantively respond to Plaintiff's request, produce the requested records, or otherwise demonstrate that the requested records are lawfully exempt from production.

**DOD's Treatment of Plaintiff's FOIA Request**

59. On September 6, 2024, Plaintiff submitted a FOIA request to the DOD through its online portal requesting the identified but unreleased JFK Files. See Exhibit M.

60. Also on the same day, Defendant DOD sent an email assigning tracking number 24-F-3035. See Exhibit N.

61. Also on the same day, Defendant DOD sent an email changing the status of request 24-F-3035 to "Received." See Exhibit O.

62. On September 10, 2024, Defendant DOD sent Plaintiff an email containing a "final response" stating that any records, if they existed, would be held by the National Archives. See Exhibit P.

63. Plaintiff forwarded the request and DOD's response to the special FOIA email for the National Archives.

64. On October 18, 2024, Defendant NARA sent a letter denying Plaintiff's request for DOD's identified but unreleased JFK files under exemptions (b)(1) and (b)(3) and assigning tracking number RD 87884. See Exhibit Q.

65. Also on October 18, 2024, Plaintiff sent an email to appeal the denial to NARA for failure to comply with FOIA because it did not produce documents, it does not state whether a reasonable search was conducted, no exemptions were asserted with specificity, and there was no attempt to reasonably segregate exempt from non-exempt material. See Exhibit R.

66. On October 22, 2024, the Operational FOIA and Access Division of the National Archives sent Plaintiff an email stating that the appeal of request RD 87884 had been received and was assigned tracking number NGC25-002A. See Exhibit S.

67. No further information or communication concerning the request or the appeal has been received or sent by Plaintiff.

68. As of the date of this filing, both Defendant DOD and Defendant NARA failed to substantively respond to Plaintiff's request, timely process Plaintiff's appeal, produce the requested records, or otherwise demonstrate that the requested records are lawfully exempt from production.

**FIRST CAUSE OF ACTION**
Violation of FOIA
**Failure to Disclose Records**
**Against all Defendants**

69. Plaintiff incorporates the foregoing paragraphs herein.

70. Defendants are federal agencies subject to FOIA.

71. On September 6, 2024, Plaintiff submitted FOIA requests to Defendants. Through the requests, Plaintiff properly asked for records within the possession, custody and/or control of Defendants.

72. The CIA and DOS did not respond substantively or in final form to Plaintiff's requests.

73. The FBI and DOD responded by denying Plaintiff's requests. DOD stated that the records had already been transmitted to NARA. Plaintiff forwarded the request to NARA. NARA denied the request. On October 22, 2024, and November 6, 2024, Plaintiff submitted appeals to FBI and NARA.

74. As of the date of this filing, more than twenty working days have passed, and Defendants failed notify Plaintiff regarding the results of its appeal.

75. Accordingly, Plaintiff has and/or is deemed to have constructively exhausted applicable administrative remedies with respect to these requests. 5 U.S.C. § 552(a)(6)(A); *id*. § 552(a)(6)(C).

//

## SECOND CAUSE OF ACTION
### Failure to Segregate and Produce Non-Exempt Material
### Against all Defendants

76. Plaintiff incorporates the foregoing paragraphs herein.

77. Defendants are agencies subject to FOIA.

78. Through the Requests, Plaintiff properly asked for agency records within the possession, custody and/or control of Defendants.

79. Defendants failed to produce documents in response to the requests or respond to Plaintiff's appeals within the statutory timeframe.

80. Defendants also failed to segregate exempt from non-exempt material, nor did they produce the non-exempt material in response to the Request.

81. Defendants' failure to segregate and produce non-exempt material in response to the requests violates their obligations under FOIA. 5 U.S.C. § 552(b); *id*. § 552(a)(8).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1) declare that the records responsive to the Requests, or portions thereof, are non-exempt;

2) declare that Plaintiff is entitled to disclosure of the records responsive to the Requests;

3) enjoin Defendants from continuing to withhold all non-exempt records or portions thereof responsive to Plaintiff's Requests;

4) award Plaintiff reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5) grant such other relief as the Court may deem just and proper.

Dated: January 13, 2025                    Respectfully submitted,

                                By:  /s/ Mark L. Javitch
                                     Mark L. Javitch (California SBN 323729)
                                     Javitch Law Office
                                     3 East 3rd Ave. Ste. 200
                                     San Mateo CA 94401
                                     Tel: (650) 781-8000
                                     Fax: (650) 648-0705
                                     mark@javitchlawoffice.com

                                     *Attorney for Plaintiff*
                                     FOIACONSCIOUSNESS.COM LLC